acter being but a conclusion. Waltrip v. State, 134 Tex.Cr.R. 202, 114 S.W.2d 555; Hawley v. State, Tex.Cr.App., 252 S.W.2d 933.

It is apparent that the requirement for certainty cannot be relaxed where, as here, the former conviction for a specifically named offense constitutes an essential element of the felony charged in the indictment.

The indictment in Broughton v. State, 148 Tex.Cr.R. 445, 188 S.W.2d 393, 394, cited by the state, alleged that the defendant, prior to the commission of the act presently charged, was convicted on a stated date, and had been convicted in a named county court in a certain numbered cause "of the offense of driving and operating a motor vehicle upon a public street while intoxicated * * * the same being an offense of like character and of the same nature as that heretofore charged against him in this cause * * *."

The holding that such allegation was not subject to the objection addressed to it in no way conflicts with our holding here. There is no allegation here that appellant had been previously convicted of driving a motor vehicle on a public road while intoxicated.

The prior conviction in the district court was for a felony offense and resulted in a suspended sentence. It should not have been alleged. As to the prior conviction in the county court, the indictment should have set out the style and number of the case and alleged that the conviction was against appellant for the offense of driving a motor vehicle upon a public road while intoxicated.

For the error in overruling the motions to quash that part of the indictment which attempted to allege prior convictions, the judgment is reversed and the cause remanded.

---

RAY v. STATE.

No. 26944.

Court of Criminal Appeals of Texas.

April 14, 1954.

No attorney on appeal.

William H. Scott, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is driving an automobile upon a public road while intoxicated; the punishment, 30 days in jail and a fine of $50.

The record contains no statement of facts or bills of exception. All proceedings appear regular and nothing is presented for review.

The judgment is affirmed.